IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SAMANTHA VANOKA JONES ELABANJO, )
)
        Plaintiff, )
)
v. ) 1:10CV518
)
F & W MANAGEMENT and TAMMY )
SYKES, )
)
        Defendants. )

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Motion to Dismiss [Doc. #17] filed by Defendants F & W Management ("F & W") and Tammy Sykes (collectively, "Defendants"). In addition, *pro se* Plaintiff Samantha Elabanjo ("Plaintiff") has filed the following motions: Motion for Punitive Damages [Doc. #14]; "Plaintiff's Motion Rule 9(b) Fraud or Mistake Condition of Mind" [Doc. #22]; and "Plaintiff's Motion for Permissive Joinder of Party" [Doc. #24]. For the reasons that follow, the Court recommends that Defendants' Motion to Dismiss be granted, that Plaintiff's motions be denied, and that this action be dismissed.

I.     FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff states in her Complaint that she is raising claims of "American with Disabilities, fraud, other civil rights violation, neglect, emotional distress, lying to federal officials deny that I was disabled and discrimination." (Pl.'s Compl. [Doc. #2] at 2.) Plaintiff gives a few supporting facts. She alleges that there was a Department of Housing and Urban Development (HUD) investigation related to this case, handled locally by the "Orange County Human

Relations Committee," although she does not state any details regarding the investigation or what it involved. (Id. at 4.) Plaintiff states that the investigator found no "cause for action" in the case. (Id.) However, Plaintiff further claims that "upon reading the facts, the Director Tara Fikes has given me the authority to appeal because the investigator lied and withheld evidence that would have helped me in my case." (Id.) Plaintiff also says that "[a]fter report was done, I spoke with Mrs. Tara Fikes, Director of Human Relations. She advised me that I could appeal. And I saw her have a meeting with Mrs. Sayer the investigator." (Id. at 3.) These are the only facts given by Plaintiff. In addition, Plaintiff filed a Letter [Doc. #14] in which she asks the Court for "180 times the amount of $950,000 that [sic] for punitive damages, being intentional and knowingly committed fraud, and lying to federal investigator."

Defendants filed a Motion to Dismiss [Doc. #17], contending that Plaintiff's claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). They argue that it is impossible to determine from Plaintiff's Complaint what this case involves and what Defendants allegedly did wrong. Defendants contend that Plaintiff has failed to state any valid claims, and that this case should be dismissed. (Defs.' Mem. [Doc. #18].)

Plaintiff subsequently filed a "Motion Rule 9(b) Fraud or mistake condition of mind" [Doc. #22], in which she sets out the language of Rule 9(b). However, Plaintiff fails to clearly state what relief she is seeking pursuant to the Rule, and it appears that this Motion may have been intended as a Response to Defendants' Motion to Dismiss. Plaintiff also submitted a supporting memorandum, attaching various documents that appear to be from the HUD investigation that she referenced in her Complaint, including an "application for residency" that

2

she apparently filed with F & W Management Corporation. This document apparently is intended by Plaintiff to confirm that she told Defendants in her application that she suffered from a disability, because under the "employment" section of this application is written "Disabled." Plaintiff subsequently filed a Motion for Permissive Joinder [Doc. #24] pursuant to Federal Rule of Civil Procedure 20, but Plaintiff fails to state in the body of this motion whom she wishes to join as a party. Finally, in a later Response Brief, she attaches a copy of the first page of the "Determination of No Reasonable Cause" in the HUD investigation and accompanying letters from the Orange County Department of Housing and Community Development informing Plaintiff of her right to seek reconsideration and her "right-to-sue" in state superior court. Plaintiff thereafter filed the present suit.

II. MOTION TO DISMISS

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In the context of *pro se* complaints, the Court of Appeals for the Fourth Circuit has noted that *pro se* complaints must be construed "liberally," but the Fourth Circuit has also held that courts should not "conjure up questions never squarely presented to them" or attempt to "construct full blown claims from sentence fragments." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.

1985).  In this regard, a court should not assume the "improper role of an advocate," but should instead examine the allegations actually before it.  Id.

In the present case, Plaintiff states in her Complaint that she is raising claims of "American with Disabilities, fraud, other civil rights violation, neglect, emotional distress, lying to federal officials deny that I was disabled and discrimination."  However, the facts that she included in her Complaint fail to state a claim for relief that is plausible on its face as to any of these causes of action.  Specifically, she fails to allege any facts from which the Court could conclude that she was the subject of disability discrimination in violation of the Americans with Disabilities Act, the Rehabilitation Act, or the Fair Housing Act.  See 29 U.S.C. § 794 (2006); 42 U.S.C. § 12132 (2006); 42 U.S.C. §§ 3604(f), 3613 (2006).  Similarly, to the extent Plaintiff may be attempting to "appeal" a local administrative determination related to a HUD investigation, Plaintiff has not set out sufficient facts for the Court to determine what is being "appealed" or the basis for the "appeal" in this Court.[1]  There are also no facts alleged which might suggest that Plaintiff's civil rights were violated or that she has any basis for a claim for "neglect" or emotional distress.  In addition, Plaintiff fails to allege any facts related to fraud.  Plaintiff does allege that "the investigator" lied, but this is simply a conclusory allegation lacking any factual basis, without any discernable link to the named Defendants.[2]  Reviewing the allegations in

---

[1] The Fair Housing Act does not specifically provide for an "appeal" of an administrative determination in these circumstances.  Instead, federal judicial review of private complaints of alleged discrimination under the Fair Housing Act may be commenced by the filing of a civil action under 42 U.S.C. § 3613.  However, as noted above, Plaintiff has failed to allege sufficient facts to set out a claim under that statute.  See 42 U.S.C. § 3613; cf. 42 U.S.C. § 3612.  To the extent the administrative investigation was handled by a county agency, Plaintiff was also given a "right-to-sue" letter authorizing her to file a claim in state superior court.  See 42 U.S.C. § 3610(f).

[2] Plaintiff in a subsequent letter [Doc. #14] charges "fraud and lying to federal investigator," with a citation to 18 U.S.C. § 1001, which is a federal statute prohibiting lying to a federal official.  However, 18 U.S.C.

Plaintiff's Complaint, even construed liberally and even in light of the additional filings submitted by Plaintiff, there are no facts alleged from which the Court can determine the basis of Plaintiff's claims, nor are there facts alleged that would state a claim for relief that is plausible on its face as to any of the potentially alleged causes of action. Therefore, all claims raised by Plaintiff should be dismissed pursuant to Rule 12(b)(6). See Iqbal, 556 U.S. at 678.

III. PLAINTIFF'S MOTIONS

As noted above, Plaintiff filed a Letter Motion [Doc. #14] in which she states that she seeks "180 times the amount of $950,000 that for punitive damages." Plaintiff seems to be identifying the relief that she seeks. However, this request is not a proper subject for a motion. Therefore, to the extent that the Letter could be construed as a Motion for Punitive Damages, that Motion will be denied without prejudice.

Plaintiff has also filed a "Motion Rule 9(b) Fraud or Mistake Condition of Mind" [Doc. #22]. In this "Motion," Plaintiff sets out the language of Federal Rule of Civil Procedure 9(b), but she does not ask for any particular relief from the Court. Plaintiff suggests on the last page of her "Motion" that the "Motion" is a Response in opposition to Defendants' Motion to Dismiss. Therefore, to the extent that this document may have been intended as a Response to the Motion to Dismiss, the Court has considered the Response in reviewing the Motion to

---

§ 1001 is a criminal statute inapplicable in this case, and Plaintiff's letter still does not include any factual allegations related to her contention. Plaintiff in her later filings repeatedly alleges lying by Defendants and the HUD investigator, but without setting out the legal or factual basis for this claim. Plaintiff may be attempting to challenge a portion of the factual findings in the HUD investigation conducted by the county agency, but such a challenge does not state a cognizable claim for relief.

Dismiss. However, to the extent that the Motion may have been intended as a separate "Motion," that Motion will be denied without prejudice.

Finally, Plaintiff has filed a Motion [Doc. #24] for "permissive joinder" of a party pursuant to Fed. R. Civ. P. 20. Plaintiff does not identify the party that she seeks to join. However, she attaches to her motion a copy of a page of the HUD report referred to earlier, which Plaintiff has annotated suggesting that she would like to add Mrs. Sayers, who is apparently the investigator of her discrimination complaint, as a defendant. Plaintiff apparently wishes to attempt to state claims for relief against Mrs. Sayers, but she fails to allege sufficient facts which would support a claim against Mrs. Sayers in her motion. Plaintiff's Motion for Permissive Joinder will be denied without prejudice.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #17] be granted and that this action be dismissed.

IT IS ORDERED that Plaintiff's Motion for Punitive Damages [Doc. #14], Plaintiff's Motion Rule 9(b) Fraud [Doc. #22], and Plaintiff's Motion for Permissive Joinder [Doc. #24] are denied without prejudice.

This, the 18th day of September, 2012.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge